Cheshire
No. 6855

*In re* ERIC AND LIISA DAVIS

March 29, 1974

*Blodgett, Makechnie & Smith (Mr. Richard G. Smith* orally) for the Jaffrey-Rindge Cooperative School District.

*Perkins, Douglas & Brock (Mr. Charles G. Douglas III* orally) for the defendants.

GRIFFITH, J. A complaint was filed against Harold G. and Judith M. Davis in the Jaffrey District Court under RSA 169:2 I (Supp. 1973) alleging their children were neglected because of their failure to attend school. The district court dismissed the complaint after hearing and the town appealed to the superior court under RSA 169: 24 (Supp. 1973). The Trial Court, *Loughlin,* J., heard the matter as a defaulted case on February 11, 1974, upon the failure of the defendants or their counsel to appear on the day set for hearing. The court, after this hearing, ordered

the children to attend school no later than March 11, 1974. After a subsequent hearing on February 19, 1974, the trial court reserved and transferred to this court all questions of law raised by its order. This court suspended the order of the trial court pending disposition of the appeal.

The desire of the parties and the trial court that this matter be expedited for hearing in this court has resulted in a very meager record here. At the defaulted hearing the only witness was William Page, superintendent of schools of Supervisory Union No. 47. He testified that the Davis children had not attended school since September of 1973, apparently due to their parents' objection to the content of the teaching program. It appears that the Davis family are members of the Apostolic Lutheran Church and because of their religious beliefs seriously objected to many of the education policies of the school board. Written complaints by the parents were introduced as exhibits which detail many of their objections. In oral argument before this court, their counsel alleged that it was contrary to the religious tenets of the Apostolic Lutheran Church to view slides, television or motion pictures and the insistence by the school authorities that the children remain in class during such displays was the particular objection of his clients. It is not clear, however, from the written complaints of Mr. and Mrs. Davis to the board that their objection is to their children's required presence during such showings, or to the contents of the visual aids.

Our State constitution imposes upon government the duty of providing for the education of its citizens. N.H. CONST. pt. II, art. 83. In furtherance of the constitutional duty imposed, the legislature has provided that with certain exceptions for physical or mental disabilities, every child between the ages of six and sixteen shall attend public school or an approved private school. RSA 193:1. RSA 193:2 imposes on every person having custody of a child the duty to cause the child to attend school when in session.

RSA 193:1, 2 are specific mandates of school attendance with provisions for punishment of both children and custodians of children and authority to the court to order attendance. RSA 193:7 (Supp. 1973); RSA 193:16 (Supp.

1973); RSA 193:18 (Supp. 1973). It is no answer to a charge under RSA ch. 193 that equivalent supervised instruction is given by a private tutor, as there was evidence of here. *State v. Hoyt,* 84 N.H. 38, 146 A. 170 (1929).

However, the complaint in this case was not brought under RSA ch. 193, but charged delinquency and neglect under RSA 169:2 I. The trial court made no specific finding of delinquency or neglect, but ordered the minor children to attend school no later than March 11, 1974. *State v. Lefebvre,* 91 N.H. 382, 20 A.2d 185 (1941), although involving a more drastic order by the trial court, indicates that RSA 169:2 I is not the proper statute to pursue nonattendance at school in this situation. Under RSA 169:2 I a neglected child is one whose parents fail to "provide proper subsistence, education, medical or surgical care or other care necessary for his health, morals or well-being . . . ." The language thus quoted expresses more than a concern for public education and extends to parental guidance and concern with the child's physical and moral well-being. It would appear that the parents have provided tutors for the children and that their difficulty with the school authorities stems from their extreme concern with the children's education. We are of the opinion that the evidence in this case would not support a charge of neglect and note that the trial court made no such finding. Accordingly, the charge against the defendants is dismissed. In view of the result reached, it is unnecessary to consider the other exceptions and arguments of the defendants.

*Defendants' exception sustained; complaint dismissed.*

All concurred.